1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10

11    LOLITA SCHAGENE,                        )    Case No. 11 CV 1642 AJB NLS
                                              )
                        Plaintiff,            )    ORDER DENYING MOTION
12    v.                                      )    TO DISMISS AND GRANTING
                                              )    MOTION TO QUASH
13    NORTHROP GRUMMAN, et al.,               )
                                              )    [Doc. No. 33]
14                      Defendants.           )
                                              )
15    _____        )

16         Presently before the Court is Defendant's motion to dismiss, or alternatively, to quash for

17    insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). (Doc. No. 33-1.) The

18    motion is not opposed. The hearing set for February 3, 2012 for this motion is hereby VACATED as the

19    Court finds this motion appropriate for submission on the papers without oral argument pursuant to

20    Civil Local Rule 7.1.d.1. For the reasons set forth below, the motion to dismiss is DENIED and the

21    Motion to quash service of process is GRANTED.

22                                         **I.**

23                                    **BACKGROUND**

24         Plaintiff Lolita Schagene filed her Complaint on July 26, 2011, alleging sexual battery, sexual

25    harassment and discrimination by Defendant Northrop Grumman Corp. (Doc. No. 1 ("Complaint").)

26    Plaintiff alleges that she was the victim of the sexual battery, sexual harassment and discrimination

27    while she worked at a Northrop Grumman shipping prefabrication industrial site. (Complaint, Report of

28    Explanation.)

                                              1                                              11cv1642

1    On July 27, 2011, Plaintiff attempted to serve Defendant by delivering the Complaint to Ms.

2  Mary Ann Davis, the Human Resources Manager at Continental Maritime of San Diego, which had been

3  owned by Northrop Grumman until March 2011.  (Doc. No. 6, Decl. of Mary Ann Davis, ¶¶ 1-2.)  Ms.

4  Davis explained to Plaintiff that she was not authorized to accept service on behalf of Defendant.  (Decl.

5  of Mary Ann Davis, ¶ 2.)  In fact, Ms. Davis has declared that she has never been an officer or managing

6  or general agent of Defendant.  (Decl. of Mary Ann Davis, ¶ 3.)  At the time that Plaintiff attempted to

7  serve Ms. Davis, Ms. Davis had no employment relationship with Defendant.  (Decl. of Mary Ann

8  Davis, ¶ 3.)

9    After Ms. Davis explained this to Plaintiff, Plaintiff gave Ms. Davis her telephone number so she

10  could call to give her the address for CT Corporation, Defendant's agent for service of process.  (Decl.

11  of Mary Ann Davis, ¶ 2.)  While she was leaving Continental Maritime, Plaintiff left the papers,

12  including the Complaint, in the lobby, but did not hand any papers to Ms. Davis.  (Decl. of Mary Ann

13  Davis, ¶ 2.)  After Plaintiff left, Ms. Davis called her and gave her the address for CT Corporation.

14  (Decl. of Mary Ann Davis, ¶ 2.)  Nevertheless, the next day Plaintiff declared under penalty of perjury

15  that she served the summons on Mary Ann Davis, who she claimed was designated by law to accept

16  service of process on behalf of Northrop Grumman.  (Doc. No. 2.)  On August 25, 2011, Plaintiff

17  attempted to file a motion for default judgment.  (Doc. No. 4.)  However, Judge Battaglia denied

18  Plaintiff's motion on August 26, 2011, for failure to provide proof of service and for failure to file a

19  Request for Entry of Default.  (Doc. No. 4.)

20    While conducting a PACER search on or about July 27, 2011, counsel for Defendant, Matthew

21  W. Holder, of Sheppard, Mullin, Richter & Hampton LLP, discovered that Plaintiff had filed a

22  complaint against Defendant.  (Doc. No. 5-2, Decl. of Matthew Holder, ¶ 2.)  About three months later,

23  around October 27, 2011, Mr. Holder conducted another PACER search to determine whether there had

24  been any other activity in the case.  (Decl. of Matthew Holder, ¶ 2.)  As a result of that search, Mr.

25  Holder first learned that Plaintiff had filed the proof of service on July 28, 2011, and the request for

26  default judgment on August 25, 2011.  (Decl. of Matthew Holder, ¶ 2.)

1

2                                        **II.**

3                                **LEGAL STANDARD**

4          Under the Federal Rule of Civil Procedure 12(b)(5), a defendant may challenge any departure

5   from the proper procedure for serving the summons and complaint as "insufficient service of process."

6   Fed. R. Civ. Proc. 12(b)(5).  Once a defendant challenges service of process, the plaintiff has the burden

7   of establishing the validity of service of process under Rule 4.  *See, e.g.*, *Brockmeyer v. May*, 383 F.3d

8   798, 801 (9th Cir. 2004); *Solorio v. Astrue*, No. 07-cv-00508-H (POR), 2008 WL 5122177, *1 (S.D.

9   Cal. Dec. 5, 2008).  Upon deciding that process has not been properly served on the defendant, a district

10  court has broad discretion to either dismiss the complaint or quash service of process.  *Umbenhauer v.*

11  *Woog*, 969 F.2d 25, 31 (3d Cir. 1992).  However, if it appears that effective service can be made and

12  there has been no prejudice to the defendant, a court will quash service rather than dismiss the action.

13  *See id.*; *United States v. Distribuidora Batiz CGH, S.A. De C.V.*, No. 07cv370-WQH-JMA, 2009 WL

14  2487971, *9 (S.D. Cal. Aug. 10, 2009).

15                                       **III.**

16                                 **DISCUSSION**

17         Proper service of process requires an individual "who is at least 19 years old and not a party" to

18  serve a copy of the summons and complaint on the defendant.  Fed. R. Civ. Proc. 4(c).  Plaintiff

19  attempted to personally serve process on Defendant even though she is a party to the action.  (Decl. of

20  Mary Ann Davis, ¶ 2.)  Assuming that service of process was attempted by a non-party in this case, Rule

21  4(h) governs the specific requirements for service of process on a corporation within a judicial district.

22  Fed. R. Civ. Proc. 4(h)(1).  Service of process on a corporation is valid only if Plaintiff either (A)

23  followed the requirements for service of process on an individual under Rule 4(e)(1), or (B) "deliver[ed]

24  a copy of the summons and of the complaint to an officer, a managing or general agent, or any other

25  agent authorized by appointment by law to receive service of process."  *Id.*

26  *1. Service of Process in the Manner Prescribed by Rule 4(e)(1) for Serving an Individual*

27         Under Rule 4(h)(1)(A), the validity of service of process on an individual is determined in

28  accordance with state law.  Fed. R. Civ. Proc. 4(e)(1), 4(h)(1)(A).  Under California law, service of

                                            3                                        11cv1642

1  process on a corporation is valid as long as a copy of the summons and complaint are delivered by one

2  of the following methods: (1) "[t]o the person designated as agent for service of process" under the

3  Corporations Code, Cal. Code Civ. Proc. § 416.10(a); (2) "[t]o the president, chief executive officer, or

4  other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant

5  treasurer, a controller or chief financial officer, a general manager, or a person authorized by the

6  corporation to receive service of process," Cal. Code Civ. Proc. § 416.10(b); or (3) to an agent of the

7  corporation or the California Secretary of State.  Cal. Code Civ. Proc. § 416.10(d).

8          Plaintiff attempted to serve a copy of the complaint on Ms. Davis, who meets none of the

9  requirements for service on a corporation.  (Decl. of Mary Ann Davis, ¶ 2.)  Ms. Davis was neither a

10  designated agent nor was she authorized to accept service of process on behalf of Defendant.  (Decl. of

11  Mary Ann Davis, ¶ 3.)  Because she was not employed by Defendant on the date of attempted service of

12  process, she was not a head of the corporation, a secretary, or a manager of the corporation.  (Decl. of

13  Mary Ann Davis, ¶ 3.)  Lastly, Plaintiff did not attempt to serve process on the California Secretary of

14  State.  Accordingly, Plaintiff did not properly serve process on Defendant under Rule 4(h)(1)(A).

15  *2. Service of Process on an Authorized Agent of Defendant Under Rule 4(h)(1)(B)*

16          Under Rule 4(h)(1)(B), valid service of process requires  "delivering a copy of the summons and

17  of the complaint to an officer, a managing or general agent, or any other agent authorized by

18  appointment by law to receive service of process."  Fed. R. Civ. Proc. 4(h)(1).  Even if Ms. Davis had

19  been employed by Defendant as of the date of the attempted service of process, she was not an officer,

20  managing or general agent, or an agent authorized by law to receive service of process on behalf of

21  Defendant.  (Decl. of Mary Ann Davis, ¶ 3.)  Therefore, Plaintiff did not properly serve Defendant under

22  Rule 4(h)(1)(B).

23          Although this Court has discretion to dismiss the complaint for insufficient service of process,

24  the Ninth Circuit has recognized that courts have "a duty to ensure that pro se litigants do not lose their

25  right to a hearing on the merits of their claim due to ignorance of technical procedural requirements."

26  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *see McKinney v. Law Office of*

27  *James Duncan*, No. CV 09-2605 NJV, 2010 WL 668027, *3 (N.D. Cal. Feb. 19, 2010).  Although the

28  Court notes that Plaintiff has retained counsel in a state action involving the same claims, it is likely that

1  effective service of process is possible if this case proceeds.  (Doc. 8-1, Exh. A.)  Moreover, Defendant

2  has not been prejudiced by the lack of proper service of process because Defendant was aware of the

3  filing of the Complaint soon after it was filed.  (Decl. of Matthew Holder, ¶ 2.)

**IV.**

**CONCLUSION**

6  For the foregoing reasons, the Court DENIES Defendant's motion to dismiss and GRANTS

7  Defendant's motion to quash service of process.  The Plaintiff will have 30 days from the date of this

8  Order to serve Defendants in accordance with the requirements of Rule 4 of the Federal Rules of Civil

9  Procedure.  The Plaintiff is warned that failure to affect proper service on all Defendants by that date

10 will result in this Court issuing an Order to Show Cause why the Court should not dismiss the Plaintiff's

11 case for want of Prosecution under Rule 4(m) of the Federal Rules of Civil Procedure.

12  IT IS SO ORDERED.

14 DATED:  January 24, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge