UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOLITA SCHAGENE, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> NORTHROP GRUMMAN, et al., ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No. 11 CV 1642 AJB NLS <br><br> ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO QUASH <br><br> [Doc. No. 33] |

Presently before the Court is Defendant's motion to dismiss, or alternatively, to quash for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). (Doc. No. 33-1.) The motion is not opposed. The hearing set for February 3, 2012 for this motion is hereby VACATED as the Court finds this motion appropriate for submission on the papers without oral argument pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, the motion to dismiss is DENIED and the Motion to quash service of process is GRANTED.

**I.**

**BACKGROUND**

Plaintiff Lolita Schagene filed her Complaint on July 26, 2011, alleging sexual battery, sexual harassment and discrimination by Defendant Northrop Grumman Corp. (Doc. No. 1 ("Complaint").) Plaintiff alleges that she was the victim of the sexual battery, sexual harassment and discrimination while she worked at a Northrop Grumman shipping prefabrication industrial site. (Complaint, Report of Explanation.)

On July 27, 2011, Plaintiff attempted to serve Defendant by delivering the Complaint to Ms. Mary Ann Davis, the Human Resources Manager at Continental Maritime of San Diego, which had been owned by Northrop Grumman until March 2011.  (Doc. No. 6, Decl. of Mary Ann Davis, ¶¶ 1-2.)  Ms. Davis explained to Plaintiff that she was not authorized to accept service on behalf of Defendant.  (Decl. of Mary Ann Davis, ¶ 2.)  In fact, Ms. Davis has declared that she has never been an officer or managing or general agent of Defendant.  (Decl. of Mary Ann Davis, ¶ 3.)  At the time that Plaintiff attempted to serve Ms. Davis, Ms. Davis had no employment relationship with Defendant.  (Decl. of Mary Ann Davis, ¶ 3.)

After Ms. Davis explained this to Plaintiff, Plaintiff gave Ms. Davis her telephone number so she could call to give her the address for CT Corporation, Defendant's agent for service of process.  (Decl. of Mary Ann Davis, ¶ 2.)  While she was leaving Continental Maritime, Plaintiff left the papers, including the Complaint, in the lobby, but did not hand any papers to Ms. Davis.  (Decl. of Mary Ann Davis, ¶ 2.)  After Plaintiff left, Ms. Davis called her and gave her the address for CT Corporation.  (Decl. of Mary Ann Davis, ¶ 2.)  Nevertheless, the next day Plaintiff declared under penalty of perjury that she served the summons on Mary Ann Davis, who she claimed was designated by law to accept service of process on behalf of Northrop Grumman.  (Doc. No. 2.)  On August 25, 2011, Plaintiff attempted to file a motion for default judgment.  (Doc. No. 4.)  However, Judge Battaglia denied Plaintiff's motion on August 26, 2011, for failure to provide proof of service and for failure to file a Request for Entry of Default.  (Doc. No. 4.)

While conducting a PACER search on or about July 27, 2011, counsel for Defendant, Matthew W. Holder, of Sheppard, Mullin, Richter & Hampton LLP, discovered that Plaintiff had filed a complaint against Defendant.  (Doc. No. 5-2, Decl. of Matthew Holder, ¶ 2.)  About three months later, around October 27, 2011, Mr. Holder conducted another PACER search to determine whether there had been any other activity in the case.  (Decl. of Matthew Holder, ¶ 2.)  As a result of that search, Mr. Holder first learned that Plaintiff had filed the proof of service on July 28, 2011, and the request for default judgment on August 25, 2011.  (Decl. of Matthew Holder, ¶ 2.)

## II.

## LEGAL STANDARD

Under the Federal Rule of Civil Procedure 12(b)(5), a defendant may challenge any departure from the proper procedure for serving the summons and complaint as "insufficient service of process." Fed. R. Civ. Proc. 12(b)(5). Once a defendant challenges service of process, the plaintiff has the burden of establishing the validity of service of process under Rule 4. *See, e.g.*, *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004); *Solorio v. Astrue*, No. 07-cv-00508-H (POR), 2008 WL 5122177, *1 (S.D. Cal. Dec. 5, 2008). Upon deciding that process has not been properly served on the defendant, a district court has broad discretion to either dismiss the complaint or quash service of process. *Umbenhauer v. Woog*, 969 F.2d 25, 31 (3d Cir. 1992). However, if it appears that effective service can be made and there has been no prejudice to the defendant, a court will quash service rather than dismiss the action. *See id.*; *United States v. Distribuidora Batiz CGH, S.A. De C.V.*, No. 07cv370-WQH-JMA, 2009 WL 2487971, *9 (S.D. Cal. Aug. 10, 2009).

## III.

## DISCUSSION

Proper service of process requires an individual "who is at least 19 years old and not a party" to serve a copy of the summons and complaint on the defendant. Fed. R. Civ. Proc. 4(c). Plaintiff attempted to personally serve process on Defendant even though she is a party to the action. (Decl. of Mary Ann Davis, ¶ 2.) Assuming that service of process was attempted by a non-party in this case, Rule 4(h) governs the specific requirements for service of process on a corporation within a judicial district. Fed. R. Civ. Proc. 4(h)(1). Service of process on a corporation is valid only if Plaintiff either (A) followed the requirements for service of process on an individual under Rule 4(e)(1), or (B) "deliver[ed] a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment by law to receive service of process." *Id.*

### *1. Service of Process in the Manner Prescribed by Rule 4(e)(1) for Serving an Individual*

Under Rule 4(h)(1)(A), the validity of service of process on an individual is determined in accordance with state law. Fed. R. Civ. Proc. 4(e)(1), 4(h)(1)(A). Under California law, service of

process on a corporation is valid as long as a copy of the summons and complaint are delivered by one of the following methods: (1) "[t]o the person designated as agent for service of process" under the Corporations Code, Cal. Code Civ. Proc. § 416.10(a); (2) "[t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process," Cal. Code Civ. Proc. § 416.10(b); or (3) to an agent of the corporation or the California Secretary of State. Cal. Code Civ. Proc. § 416.10(d).

Plaintiff attempted to serve a copy of the complaint on Ms. Davis, who meets none of the requirements for service on a corporation. (Decl. of Mary Ann Davis, ¶ 2.) Ms. Davis was neither a designated agent nor was she authorized to accept service of process on behalf of Defendant. (Decl. of Mary Ann Davis, ¶ 3.) Because she was not employed by Defendant on the date of attempted service of process, she was not a head of the corporation, a secretary, or a manager of the corporation. (Decl. of Mary Ann Davis, ¶ 3.) Lastly, Plaintiff did not attempt to serve process on the California Secretary of State. Accordingly, Plaintiff did not properly serve process on Defendant under Rule 4(h)(1)(A).

*2. Service of Process on an Authorized Agent of Defendant Under Rule 4(h)(1)(B)*

Under Rule 4(h)(1)(B), valid service of process requires "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment by law to receive service of process." Fed. R. Civ. Proc. 4(h)(1). Even if Ms. Davis had been employed by Defendant as of the date of the attempted service of process, she was not an officer, managing or general agent, or an agent authorized by law to receive service of process on behalf of Defendant. (Decl. of Mary Ann Davis, ¶ 3.) Therefore, Plaintiff did not properly serve Defendant under Rule 4(h)(1)(B).

Although this Court has discretion to dismiss the complaint for insufficient service of process, the Ninth Circuit has recognized that courts have "a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *see McKinney v. Law Office of James Duncan*, No. CV 09-2605 NJV, 2010 WL 668027, *3 (N.D. Cal. Feb. 19, 2010). Although the Court notes that Plaintiff has retained counsel in a state action involving the same claims, it is likely that

effective service of process is possible if this case proceeds. (Doc. 8-1, Exh. A.) Moreover, Defendant has not been prejudiced by the lack of proper service of process because Defendant was aware of the filing of the Complaint soon after it was filed. (Decl. of Matthew Holder, ¶ 2.)

## IV.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss and GRANTS Defendant's motion to quash service of process. The Plaintiff will have 30 days from the date of this Order to serve Defendants in accordance with the requirements of Rule 4 of the Federal Rules of Civil Procedure. The Plaintiff is warned that failure to affect proper service on all Defendants by that date will result in this Court issuing an Order to Show Cause why the Court should not dismiss the Plaintiff's case for want of Prosecution under Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: January 24, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge